CLARK ABELL

*v.*

LOUIS L. FRIEDMAN.

[Decided July 15th, 1919.]

1. A purchaser of land sold for unpaid taxes under the Martin act has no right of entry on the land purchased until six months after the service of the notice required by the act.

2. If no entry be made by the purchaser within twenty years next after such right of entry accrues, he is barred by the statute of limitations.

On bill, &c.

*Mr Arthur F. Egner,* for the complainant.

*Mr. Abe J. David,* for the defendant.

STEVENS, V. C.

This is a bill to quiet title. The claim is that a certificate of sale for unpaid taxes adjusted under the Martin act, given by the comptroller of the city of Elizabeth in the year 1888, is barred by the statute of limitations. The section relied upon reads as follows:

"No person who now hath or hereafter may have any right or title of entry into any lands, tenements, or hereditaments shall make any entry therein but within twenty years next after such right or title shall accrue."

The purchaser at the sale was the city of Elizabeth, and the question is whether by the certificate it acquired a right of entry upon the lot therein described. It held it from the year 1888 until October, 1918, when it transferred its right thereunder to the defendant, Friedman. Section 312 of the act relating to taxes and assessments (*Comp. Stat. p. 5212*) provides as follows:

"The comptroller or other collecting officer shall on the receipt of the purchase money on any sale \* \* \* execute and deliver to the purchaser a certificate of such sale. \* \* \* Upon surrender of the certificate of sale and proof of service of the notice thereof as hereinafter provided upon the owners and mortgagees of the said lands and premises, the comptroller or other collecting officer shall, after the expiration of six months from the date of such service, execute and deliver to the purchaser at such sale, his heirs, devisees and assigns, a deed for said lands and premises which shall be sealed and attested by the clerk of the city, and proved in the usual manner, and such purchaser, his heirs, legal representatives or assigns shall take a good and sufficient title to the property sold in fee-simple absolute free of all incumbrances" (except taxes \* \* \*).

The act provides that the city may purchase and that the mayor may give the six months' notice. It provides further (*Comp. Stat. p. 5212 § 313*) that

"the purchaser shall be entitled to the possession of said lands immediately upon giving such notice to the owner thereof in case the same are unoccupied, or, if they are occupied, then within thirty days thereafter."

And that the owner may at any time before the expiration of six months after notice shall have been given to him redeem by paying the sum paid at the sale with interest.

The city during the thirty years it held the certificate gave no notice. Its assignee, in November last, served notice to redeem, and hence this suit.

The question is, Has a certificate holder from the time he acquires his certificate and before he gives notice a right of entry? The question would seem to be answered by the statute itself, for it designates the time when entry may be made. If the land be unoccupied it declares that the certificate holder is entitled to possession immediately after giving notice, if occupied within thirty days thereafter.

The nature of the right given by the certificate has been adjudicated. In *Re Commissioners of Elizabeth, 49 N. J. Law 488*, Mr. Justice Depue said: "By the city charter (of Elizabeth) the certificate of sale does not transfer or divest the title. The certificate, by section 84, after it is recorded, constitutes simply a continuation of the original lien. Title is not divested until a declaration of sale is executed and delivered and also re-

corded in the county clerk's office. In the meantime, however long the declaration of sale and the recording of it may be delayed, the owner or his representatives may redeem. A certificate of sale made to the city, in effect, maintains its lien for taxes and assessments in *statu quo*. Everything is *in fieri* until a declaration of sale duly executed and recorded divests the title of the owner." If it be suggested that the charter declared that the certificate should constitute a *lien*, the answer is that in the subsequent case of *Maginnis* v. *Rutherford, 73 N. J. Law 288*, the same construction was put upon a statute which, like the present, contained no such declaration. And the reason is obvious. All that the bidder gets by his certificate is a statement that he bid at the sale and that the lot was struck off and sold to him. The sale differs from the ordinary sheriff sale, in that the sheriff sells unreservedly all defendant's interest, whatever that interest may be, while the comptroller sells with the reservation that notice must be given if the bidder desires possession and the fee and that the owner may redeem. Until notice given the holder of the certificate has only a lien for his money. On its expiration whether he will be entitled to something more than a lien will depend upon the action of the owner.

Now, there is nothing adverse—nothing hostile—as between a lien and the title upon which it rests. *Colton* v. *Depew, 60 N. J. Eq. 461; Foulke* v. *Bond, 41 N. J. Law 545.*

Counsel relies upon *Beatty* v. *Lewis, 68 Atl. Rep. 95.* This case only emphasizes the distinction taken. The Hoboken charter provided for a declaration of sale giving a legal title and an immediate right to possession. From the time the declaration was delivered the possession of the owner became adverse, and, of course, the statute began to run. The Iowa statutes differ so widely from our own that the reported decisions in that state have here no application. Section 29, relating to title acquired by thirty years' actual possession, has no application to this case. The tax imposed was not a right *prior in time* to the title of complainant.

There is no allegation in the bill that the taxes have been paid. Consequently, the rebuttable presumption arising from lapse of time does not require consideration. *Parisen* v. *Railroad Co., 65 N. J. Law 413.*